[J-11-2015][M.O. – Stevens, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 698 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of Sentence |
| | : | entered on 3/12/14 in the Court of |
| v. | : | Common Pleas, Criminal Division of |
| | : | Fayette County at No. CP-26-CR- |
| | : | 0002075-2011 |
| PATRICK RAY HANEY, | : | |
| | : | |
| Appellant | : | SUBMITTED: February 25, 2015 |

### DISSENTING OPINION

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED: December 29, 2015**

Consistent with my dissenting opinion in *Commonwealth v. Woodard*, ___ Pa. ___, ____ A.3d ___, 2015 WL 7767271 (Dec. 3, 2015), which I incorporate here by reference, I respectfully dissent. In both *Woodard* and the present case, I would hold that the trial courts erred in admitting into evidence color photographs of nude, battered, open-eyed, deceased children taken during autopsies, encompassing full body portraits and facial close-ups. As I explained at greater length in *Woodard*, I believe that such graphic, visceral portrayals of dead children create an unacceptable risk of influencing jurors to reach conclusions based on factors other than a strict application of the law to the facts. *See id.* at ___, ___ A.3d at ___, 2015 WL 7767271, at *24-26 (Saylor, C.J., dissenting).[1] The impact is heightened in the present case, given that the trial court

---

[1] This case and *Woodard* suggest the potential for confusion in this area of the law in terms of what this Court means by the word "inflammatory." The *Woodard* majority credited a trial court's finding that one set of autopsy photographs of a naked, battered (continued…)

apparently permitted the jurors to have unfettered access to these pictures during their deliberations, *see* N.T., March 11, 2014, at 265.  *Accord Woodard*, ___ Pa. at ___, ___ A.3d at ___, 2015 WL 7767271, at *10 (highlighting, as a factor favoring affirmance of the trial court's decision to admit autopsy photographs, the fact that "the jury was not given the photographs to examine during deliberations[.]").

---

(…continued)
child were not inflammatory, *see Woodard*, ___ Pa. at ___, ___ A.3d at ___, 2015 WL 7767271, at *10; whereas, the present majority credits another trial court's finding that similar pictures were inflammatory.  *See* Majority Opinion, *slip op.* at 21.  The majority, however, provides no explanation for why the visceral impact of the two sets of photographs upon lay jurors may have been different.

From my own point of view, having reviewed both sets of pictures, I fail to see any material difference in this regard.